D. Maimon Kirschenbaum
Leah Seliger
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

**HELEN SCHWALB,**

        **Plaintiff,**

   v.

**CITY UNIVERSITY OF NEW YORK QUEENS COLLEGE,**

        **Defendant.**

-----------------------------------------------------------x

Case No.: 1:25-CV-2616

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Helen Schwalb alleges as follows:

## INTRODUCTION

1. It has been front-page news for years that City University of New York Queens College (the "Queens College" or "Defendant") has an antisemitism problem.

2. Queens College repeatedly failed to protect Jewish students and faculty from the barrage of antisemitic hate speech and violence that emerged on campus since the October 7, 2023 massacre of Israelis by Hamas.

3. Even prior to the recent deluge of hate speech and violence, the College's teaching staff union, known as the Professional Staff Congress ("PSC"), was sued by six professors after it condemned Israel and called for a boycott of the world's only Jewish country.

1

4. Continuing in the same manner, Queens College's Accounting Department has now laid off all of its part-time accounting adjunct professors who are Jewish, including Plaintiff Helen Schwalb.

## JURISDICTION AND VENUE

5. Plaintiff Helen Schwalb brings this action against Defendant City University of New York Queens College alleging discrimination and retaliation claims brought under 42 U.S. Code § 1981 ("Section 1981") and New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL").

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under Section 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

8. Defendant City University of New York Queens College ("Defendant" or the "College") is a public college in the New York City borough of Queens. Queens College is part of the City University of New York school system. Queens College is located in Flushing, New York. Queens College offers undergraduate, graduate and certificate programs to approximately 16,000 students.

9. Plaintiff Helen Schwalb ("Plaintiff") was a part-time adjunct professor of accounting at Queens College from 2012 until her unlawful non-reappointment in May 2023. Plaintiff is an observant Jewish woman and a resident of Rockland County, New York.

## FACTS

10. Plaintiff is a 66-year-old observant Jewish woman.

11. She worked as an adjunct professor for Queens College in the Accounting and Information Systems ("AIS") department since 2012.

12. Every year for the past 12 years, Plaintiff taught two to three classes per semester during the academic year as well as two classes each summer.

13. Each year, Queens College assessed Plaintiff's work, and Plaintiff's colleagues and supervisors consistently gave her high ratings on all aspects of her teaching and research.

14. Despite stellar reviews and positive feedback from students, in 2023, Queens College informed Plaintiff and five other Jewish accounting adjunct professors that they would not be reappointed to their positions for the upcoming school year.

15. At the same time, Queens College did keep the non-Jewish accounting adjunct professors – many of whom had fewer years of seniority and lower performance ratings than the Plaintiff.

16. Queens College stated in writing that the non-renewal of Plaintiff's contract was not the result of any performance issue.

17. Terminations of accounting adjunct professors such as Plaintiff are governed by a collective bargaining agreement between the adjuncts and Queens College.

18. Among other things, Plaintiff complained that Queens College violated the collective bargaining agreement ("CBA") governing her role by not providing a "comprehensive

3

review of the [Plaintiff's] performance" and by "insufficiently demonstrate[ing] … fiscal and programmatic needs within a 'feasible and rational academic personnel policy'" as required by the CBA. In plain English, Queens College ended the employment of Plaintiff and the other Jewish accounting adjunct professors without providing the required justification and information to support its decision pursuant to the CBA.

19. Queens College claims that it terminated Plaintiff, and five other Jewish adjunct professors, because of a shortage of student enrollment and budgetary needs.

20. However, Plaintiff's courses were fully enrolled at the time that Queens College informed her of its decision not to renew her contract.

21. Further, any budgetary requirements that did exist would not demand that only Queens College's Jewish adjunct professors be terminated. Nor would a shortage of enrollment – if that was occurring – necessitate that a Jewish professor with excellent reviews be terminated instead of newer and less successful instructors.

22. Also, Queens College did not cancel Plaintiff's classes after firing her.

23. Queens College gave Plaintiff's classes to at least two other non-Jewish accounting adjunct professors. Upon information and belief, the classes were fully-enrolled while still listed under Plaintiff's name.

24. Queens College terminated Plaintiff and five other Jewish accounting adjunct professors as part of an effort to clean house of its Jewish staff.

25. The only remaining Jews in the AIS department are those with tenure who are in their 70s and 80s and will likely retire soon. Without Jewish adjunct professors, the AIS department will soon be completely free of its Jews.

**FIRST CLAIM FOR RELIEF**
**(Section 1981 – Race Discrimination)**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27. In violation of Section 1981, Defendant intentionally and willfully discriminated against Plaintiff on the basis of her Jewish identity.

28. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

29. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

30. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries, and medical treatment, punitive damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Human Rights Law ("NYSHRL"),**
**N.Y. Exec. L. §§ 290 et seq. – Religious Discrimination)**

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. In violation of the NYSHRL, Defendant intentionally discriminated against Plaintiff on the basis of her religion when it offered ongoing employment to the non-Jewish accounting adjunct professors and terminated all of the Jewish accounting adjunct professors.

33. Defendant's discrimination was sufficiently severe so as to affect the terms of Plaintiff's employment.

34. Defendant's conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

35. As a direct and proximate consequence of Defendant's discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary and non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff' good name and reputation, lasting embarrassment, humiliation and anguish.

36. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to: damages for lost wages, emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(A) For compensatory, liquidated and punitive damages in an amount to be determined by the trier of fact;

(B) For reasonable attorneys' fees, interest, and costs of suit;

(C) For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York      Respectfully submitted,
      May 9, 2025                        JOSEPH & KIRSCHENBAUM LLP

                                      By: */s/ D. Maimon Kirschenbaum*
                                            D. Maimon Kirschenbaum
                                            Leah Seliger
                                            32 Broadway, Suite 601
                                            New York, NY 10004
                                            Tel: (212) 688-5640
                                            Fax: (212) 688-2548

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.