

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

June 9, 2025

**Via ECF**
The Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Schwalb v. City University of New York*, 25 Civ. 2616 (HG)

Your Honor:

This Office represents Defendant City University of New York ("CUNY" or "Defendant")[1] in the above-referenced matter. Pursuant to Section IV.A.2 of Your Honor's Individual Practices, I write to respectfully request a pre-motion conference regarding CUNY's anticipated motion to dismiss Plaintiff's Complaint. As set forth below, all of Plaintiff's claims fail as a matter of law and should be dismissed.

    **I.**    **Plaintiff's Allegations**

Plaintiff Helen Schwalb ("Plaintiff"), who self-identifies as a "66-year-old observant Jewish woman," worked as an adjunct professor in the Accounting and Information Systems Department at Queens College from 2012 to 2023. ECF No. 1, Complaint ("Compl.") at ¶¶ 10-12. Plaintiff challenges the decision not to reappoint her to her position in 2023, asserting a claim for race discrimination under 42 U.S.C. § 1981 ("Section 1981"), *id*. at ¶¶ 26-30, and a claim for religious discrimination under the New York State Human Rights Law (N.Y. Exec. Law § 296) ("NYSHRL"). *Id*. at ¶¶ 31-36. She seeks, *inter alia*, compensatory, liquidated and punitive damages, and attorney's fees. *Id*. at p. 6.

    **II.**    **Sovereign Immunity Bars Plaintiff's Claims**

Plaintiff's Complaint is subject to dismissal in its entirety as CUNY is immune from claims brought pursuant to Section 1981 and the NYSHRL. "The Eleventh Amendment bars a suit against a state or one of its agencies for money damages in federal court unless either Congress has clearly

---

[1]     Queens College is a senior college in the CUNY system and is not a "legally cognizable entity apart from CUNY." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (per curiam), cert. denied, 543 U.S. 987 (2004).

abrogated the states' immunity or the state has unequivocally waived its immunity." *Edwards v. N.Y. State Off. of Mental Health*, 2017 WL 666227, at *9 (E.D.N.Y. Feb. 20, 2017). The Second Circuit "has acknowledged that sovereign immunity [] extends to claims under § 1981." *Bland v. State of New York*, 263 F. Supp. 2d 526, 534 (E.D.N.Y. 2003) (citing *Pikulin v. City Univ. of New York*, 176 F.3d 598, 600–601 (2d Cir. 1999)); *see also Dimps v. Taconic Corr. Facility*, 802 F. App'x 601, 603 (2d Circ. 2020) (finding that New York has not waived its sovereign immunity as to Section 1981 claims). The Eleventh Amendment also bars suits in federal court against non-consenting states for violations of state and city law, including the NYSHRL. *Id.; see also Komantaros v. City Univ. of N.Y.*, 2007 WL 840115, at *5 (S.D.N.Y. Mar. 19, 2007) ("Because the state has not waived its Eleventh Amendment immunity to claims brought under § 1981, § 1983, SHRL, or CHRL, these claims will be dismissed and the Court need not reach their merits."). CUNY's senior colleges, such as Queens College, have "consistently been deemed state entities for sovereign immunity purposes." *Schwartz v. York College*, 2009 WL 3259379, at *2 (E.D.N.Y. Mar. 31, 2009); *see also Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244 (E.D.N.Y. 2015). Thus, Plaintiff's claims against CUNY, brought pursuant to Section 1981 and the NYSHRL, are barred by the Eleventh Amendment and should be dismissed.

      Accordingly, CUNY respectfully requests a pre-motion conference to discuss its anticipated motion to dismiss. We thank the Court for its time and attention to this matter.

      Respectfully submitted,

      _____/s/_____
Elyce N. Matthews
Assistant Attorney General
(212) 416-8910
Elyce.Matthews@ag.ny.gov

Cc:    Counsel of record (via ECF)