Office of the New York State
Attorney General

Letitia James
Attorney General

September 2, 2026

**Via ECF**
Hon. Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Schwalb v. The City University of New York*, 25 Civ. 2616 (HG)**

Your Honor:

This Office represents Defendant City University of New York ("CUNY" or "Defendant")[1] in the above-referenced matter. Pursuant to Your Honor's Individual Practices and the Court's August 3, 2026 Order, I write to respectfully renew Defendant's request for a pre-motion conference regarding Defendant's anticipated motion for summary judgment. The grounds for Defendant's anticipated motion are set forth briefly below.[2]

## I. Factual Background

Plaintiff Helen Schwalb ("Plaintiff") was appointed to a one-semester term as an adjunct lecturer in the Accounting and Information Systems Department (the "AIS Department" or "Department") at Queens College in 2012. After several years of semester and annual appointments, she was appointed to a three-year appointment in 2017 and then a second three-year appointment in 2020. In 2023, when Plaintiff's appointment ended, Plaintiff was again considered for a three-year appointment, but the Department's Personnel and Budget ("P&B") Committee voted unanimously to decline to reappoint her due to fiscal and programmatic needs.

Plaintiff alleges a single Title VII claim that she was non-reappointed based on her religion (Judaism). But Plaintiff will be unable to show that her non-reappointment was due to her religion, and the undisputed facts show that there were legitimate, non-discriminatory reasons for her non-reappointment. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

---

1 Queens College is a senior college in the CUNY system and is not a "legally cognizable entity apart from CUNY." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (per curiam), cert. denied, 543 U.S. 987 (2004).

2 In accordance with the Court's Individual Practices, also submitted is Defendant's Statement of Material Facts pursuant to Local Rule 56.1, along with its supporting evidence.

## II. **Defendant is Entitled to Summary Judgment on Plaintiff's Claim**

To succeed on a Title VII claim, Plaintiff must establish a *prima facie* case by showing that she: (1) is a member of a protected class; (2) performed her job satisfactorily; (3) suffered an adverse employment action; and (4) suffered an adverse employment action under circumstances giving rise to an inference of discrimination. *Weinstock v. Columbia Univ.*, 224 F. 3d 33, 42 (2d Cir. 2000). If Plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *McDonnell Douglas Corp. v. Green* 411 U.S. 792, 802 (1973). If the defendant meets its burden, the plaintiff must show that the legitimate, non-discriminatory reason proffered by the defendant is a pretext for discrimination. *Id.* at 804. The ultimate burden of proving intentional discrimination remains at all times with the plaintiff. *Texas Dep't. of Comty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Summary judgment is appropriate where "there are no genuine issues of material fact." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To defeat summary judgment, the nonmoving party must provide more than "conclusory allegations or unsubstantiated speculation." *S.W. ex rel. Marquis-Abrams v. City of N.Y.*, 46 F. Supp. 3d 176, 188 (E.D.N.Y. 2014) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, she "must come forward with specific facts showing that there is a genuine issue for trial." *Robles v. N.Y.C. Health & Hosps. Corp.*, 2023 WL 5337766, at *3 (E.D.N.Y. Mar. 17, 2023) (citations omitted).

Plaintiff fails at each stage of the inquiry. Plaintiff cannot carry her burden of proof because (i) she has failed to show any circumstances – indeed, not a single fact – giving rise to an inference of discrimination; and (ii) the defendant has articulated a legitimate, non-discriminatory reason for its action, which Plaintiff cannot show is pretextual.

### A. ***Plaintiff Cannot Establish a Prima Facie Case Because Her Non-Reappointment Did Not Occur Under Circumstances Giving Rise to an Inference of Discrimination***

While the burden of establishing a *prima facie* case is *de minimis*, a plaintiff cannot do so with "purely conclusory allegations of discrimination, absent any concrete particulars." *Weaver v. Bloomberg L.P.*, 717 F. Supp. 3d 372, 384 (S.D.N.Y. 2024) (quoting *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)). Here, there is no evidence that Plaintiff's religion played any role in the non-reappointment process. Instead, Plaintiff relies solely on conclusory allegations of discrimination without a shred of admissible evidence even suggesting discriminatory animus; thus, she cannot raise the requisite inference of discrimination and is unable to establish a *prima facie* case.

First, there is no evidence that the decisionmakers (the three voting members of the P&B Committee) had any knowledge of the religious identities of any of the faculty considered for reappointment in 2023, much less that religion played any factor in the decision. Second, two of the three members of the P&B Committee had previously voted to reappoint Plaintiff to her position, undercutting any potential inference of discrimination. *See Allen v. Padilla*, 2025 WL 587085, at *9 (S.D.N.Y. Feb. 24, 2025) ("When the same actor hires a person already within the protected class, and then later fires that same person, it is difficult to impute to her an invidious

motivation that would be inconsistent with the decision to hire.") (citing cases). Third, Plaintiff's reliance on an argument that she was treated less favorably than the other adjunct faculty members who were reappointed to three-year appointments in May 2023 is both legally and factually deficient. A plaintiff may seek to show that an employer treated plaintiff "less favorably than a similarly situated employee outside his protected group" to raise an inference of discrimination. *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotations omitted). However, to be similarly situated, the individuals with whom Plaintiff attempts to compare herself must be similarly situated "in all material respects." *Shumway v. United Parcel Service, Inc.*, 118 F. 3d 60, 64 (2d Cir. 1997). But the other adjunct faculty members being considered for three-year reappointments in 2023 were *not* similarly situated in all material respects. Critically, it is undisputed that they taught different courses than Plaintiff, which was a determinative factor in reappointment decisions. *See, e.g., Everett v. N.Y.C. Dep't of Educ.*, 2023 WL 5629295, at *13 (S.D.N.Y. Aug. 31, 2023) (finding that a teacher who "taught a different type of class than [Plaintiff]" was not "similarly situated in all respects"). Thus, Plaintiff cannot show that any non-Jewish similarly situated adjunct faculty members was treated differently, and thus she cannot establish an inference of discrimination based on purported comparators.

### B. *Defendant Had a Non-Discriminatory Reason for the Non-Reappointment and Plaintiff Cannot Establish Pretext*

Moreover, even if Plaintiff could establish a *prima facie* case of discrimination, which she cannot, the undisputed facts show that CUNY had a legitimate, non-discriminatory reason for Plaintiff's non-reappointment, and Plaintiff cannot meet her burden to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Hamilton v. City of N.Y.*, 563 F. Supp. 3d 42, 55 (E.D.N.Y. 2021) (quoting *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004)).

The undisputed facts show that Plaintiff was non-reappointed due to the fiscal and programmatic needs of the Department. Specifically, at the time that she was considered for the reappointment in 2023, the Department, *inter alia*, (i) had experienced a significant decrease in enrollment, resulting in the need for fewer course offerings, (ii) was facing an impending budget cut, which would further reduce course offerings, and (iii) had recently hired seven full-time faculty members. These full-time faculty members were able to absorb many of the classes previously taught by part-time adjunct faculty; indeed, the Department is obligated to assign courses to full-time faculty members prior to assigning courses to adjunct faculty members.

Plaintiff cannot dispute these facts, because she admittedly had no personal knowledge of the fiscal or programmatic needs of the Department. At no time during her employment was Plaintiff involved in, nor did she have any knowledge of, the Department's or the College's budget (Pl. Dep. 26:3-21), hiring process, or determination of course loads (Pl. Dep. 21:8-16). Finally, Plaintiff's allegations rest entirely on her own speculation and conclusory assertions, neither of which are sufficient to overcome summary judgment. Thus, Plaintiff will not be able to demonstrate that Defendant's legitimate, non-discriminatory reason for Plaintiff's non-reappointment was pretextual.

Accordingly, Defendant respectfully requests a pre-motion conference to discuss its anticipated motion for summary judgment. We thank the Court for its time and attention to this matter.

Respectfully submitted,

_______/s/__________
Elyce N. Matthews
Assistant Attorney General
(212) 416-8910
Elyce.Matthews@ag.ny.gov